```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    EASTERN DIVISION
```

UNITED STATES

VS.                              CRIMINAL ACTION NO. 4:05CR15TSL-JCS
                                 CIVIL ACTION NO. 4:07CV68TSL-JCS

MARTAZE HAMMOND

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant Martaze Hammond to vacate pursuant to § 2255. The government opposes the motion, and the court, having considered the memoranda and the record in this case, concludes, for the reasons that follow, that the motion is not well taken and is due to be denied.

On April 5, 2005, Hammond was indicted as a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). After having entered a plea of not guilty before the magistrate judge, on March 9, 2006, Hammond, represented by attorney George Lucas, pled guilty pursuant to a written plea agreement. Significantly, the plea agreement provided that Hammond waived the right to challenge his conviction and sentence <u>via</u> a § 2255 motion. On May 26, 2006, the court sentenced Hammond to a 78-month term of imprisonment and three-year term of supervised release.

On May 22, 2007, Hammond filed this § 2255 motion charging that Lucas rendered ineffective assistance of counsel by

failing to object to an enhancement of his sentence pursuant to § 2k2.1 of the sentencing guidelines and failing to object to the fact that the sentence imposed was in excess of the statutory maximum.  In response, the government takes the position that Hammond's motion is barred by the express terms of his plea agreement.

A waiver of a defendant's right to appeal or to seek relief pursuant to § 2255 will be upheld so long as the waiver is informed and voluntary.  United States v. White, 307 F. 3d 366, 343-44 (5th Cir. 2002); see also United States v. Wilkes, 20 F. 3d 651, 654, (5th Cir. 1994) (waiver of right to seek § 2255 relief indistinguishable from right to appeal and may be waived under terms of plea agreement, save certain claims of ineffective assistance of counsel); United States v. Hollins, 97 Fed. Appx. 477, 479 (5th Cir. 2004) (§ 2255 waivers are valid, except for when there is an ineffective assistance of counsel claim that affects the validity of that waiver or the plea itself or when the sentence exceeds the statutory maximum).[1]  Here, having reviewed the record on this issue, the court is persuaded that Hammond's waiver was informed and voluntary.

---

[1] Hammond does not allege that Lucas's ineffectiveness directly affected the validity of the plea.  White, 207 F. 3d at 343.

2

At his change of plea hearing, having been sworn by the court, Hammond affirmed that he had not been coerced or otherwise induced to enter into his plea agreement. He further represented that his counsel had explained the plea agreement to him and that he understood its terms. Hammond acknowledged, by signing the plea agreement and in his plea colloquy, that he understood that the maximum term of imprisonment was up to ten years and that he had agreed to waive his right to appeal the conviction or sentence or to contest the conviction or sentence pursuant to § 2255.[2]

Based on the foregoing, the court finds that Hammond's waiver was informed and voluntary. Thus, given that the ineffective assistance of counsel claims against Lucas do not affect the validity of the plea and given that his 78-month sentence does not exceed the statutory minimum, the court concludes that the plea agreement bars him from asserting the claims presented in his motion. See Id. His motion will be denied.

---

[2] For its part, under the terms of the plea agreement, the government, among other things, agreed to move for an additional one-point departure for acceptance of responsibility. Additionally, the government, while agreeing that it would not seek further prosecutions against Hammond for acts or conduct arising from any event covered by the indictment, reserved the right to consider these matters in computing the defendant's guideline range.

Accordingly, it is ordered that defendant's motion for relief is denied.

SO ORDERED, this the 14th day of April, 2008.

```
                         S/ Tom S. Lee_____
                         UNITED STATES DISTRICT JUDGE
```